4/17/2019 10:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 32854800
By: Carolina Salgado
Filed: 4/17/2019 10:49 AM

CAUSE NO. _____

| | | |
|---|---|---|
| CHAMPIONS FM 1960 CLUB, INC., § | | IN THE JUDICIAL COURT OF |
| *Plaintiff*, § | | |
| V. § | | |
| § | | HARRIS COUNTY, TEXAS |
| NAUTILUS INSURANCE COMPANY AND § | | |
| LEONARD WILLIAMS, § | | |
| *Defendants*. § | | \_\_\_\_\_ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Champions FM 1960 Club, Inc., ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Nautilus Insurance Company ("Nautilus") and Leonard Williams ("Williams") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiff, Champions FM 1960 Club, Inc., resides in Harris County, Texas.

3. Defendant, Nautilus Insurance Company, is an Arizona insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Nautilus Insurance Company through its registered agent for service: **Janet Shemanske, or her nominee of the Company, 7233 East Butherus Drive, Scottsdale, Arizona**

**EXHIBIT 2**

**85260.** Plaintiff requests service at this time.

4. Defendant Leonard Williams is an individual resident of Houston, Texas. Williams may be served with citation at the address listed with the Texas Department of Insurance: **3138 Pleasant Cove Court, Houston, Texas 77059.** Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over Nautilus because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Williams because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Defendant's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff asserts claims for breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns a Nautilus Insurance Company commercial insurance policy, number NN840807 ("the Policy"). At all relevant times, Plaintiff owned the insured premises

2

located at **14340 West Sylvanfield Drive Houston, Texas 77014** ("the Property").

10. Nautilus or its agent sold the Policy, insuring the Property, to Plaintiff. Nautilus or its agent represented to Plaintiff that the Policy included windstorm and hail coverage for damage to Plaintiff's Property. Nautilus has refused the full extent of that coverage currently owed to Plaintiff.

11. On or about January 11, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Houston/ Harris County, Texas area.

12. In the aftermath of the windstorm and hail, Plaintiff submitted a claim to Nautilus against the Policy for damage to the Property. Nautilus assigned claim number 10098579 to Plaintiff's claim.

13. Plaintiff asked Nautilus to cover the cost of damage to the Property pursuant to the Policy.

14. Nautilus hired or assigned Vericlaim, Inc., who assigned its agent, Williams to inspect and adjust the claim. Williams conducted an inspection on or about July 24, 2018. Williams' findings were that the claim was not covered due to wear and tear. Plaintiff was left without adequate funds to make repairs on the entirety of their claim.

15. Nautilus, through its agent, Williams, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

16. Nautilus and Williams have ultimately refused full coverage which includes, but is not limited to, replacement of the roof and additional interior damage. The third-party inspector hired to review the damage to the Property found damage to the main building modified bitumen roof. In addition, the third-party inspector found damage to roof drain cover, cap

3

flashings, flashing, gravity roof ventilator, and furnace vent that were completely absent from Williams's estimate. The storms extensive and obvious windstorm and hail damage including, but not limited to, the roofs, vents, flashings, and sheetrock damages. The storm compromised the integrity of the roof allowing water to enter the ceiling tiles.

17. The damage to Plaintiff's Property is currently estimated at $128,443.68.

18. Williams had a vested interest in undervaluing the claims assigned to him by Williams in order to maintain his employment. The disparity in the number of damaged items in his report (1) compared to that of the third-party inspector's (80) as well as the difference in valuation is evidence of on the part of Williams.

19. Furthermore, Williams was aware of Plaintiff's $7,620.00 wind/hail policy deductible prior to inspecting the Property. Williams had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

20. Williams misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Williams made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages.

21. After reviewing Plaintiff's Policy, Williams misrepresented that the damage was caused by non-covered perils. Williams used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

22. As stated above, Nautilus and Williams improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Nautilus and Williams misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance

coverage for Plaintiff's claim or loss under the Policy.

23. Nautilus and Williams made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Nautilus and Williams made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Williams.

24. Plaintiff relied on Nautilus and Williams' misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

25. Upon receipt of the inspection and estimate reports from Williams, Nautilus failed to assess the claim thoroughly. Based upon Williams grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Nautilus failed to provide coverage due under the Policy, and Plaintiff suffered damages.

26. Because Nautilus and Williams failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

27. Furthermore, Nautilus and Williams failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Williams performed an unreasonable and substandard inspection that allowed Nautilus to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by

5

Plaintiff.

28. Nautilus and Williams' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

29. Nautilus and Williams' conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Nautilus and Williams have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Nautilus and Williams have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

30. Nautilus and Williams's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Nautilus and Williams failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

31. Additionally, after Nautilus received statutory demand on or about January 16, 2019, Nautilus has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

32. Nautilus and Williams's conduct constitute a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Williams performed a biased and intentionally substandard inspection designed to allow Nautilus to refuse to provide full

6

coverage to Plaintiff under the Policy.

33. Specifically, Nautilus and Williams performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

34. Nautilus's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to a subpar inspection, Nautilus failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

35. Nautilus's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Williams intentional undervaluation of Plaintiff's claims, Nautilus failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Williams's understatement of the damage to the Property caused Nautilus to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

36. Nautilus and Williams's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT NAUTILUS INSURANCE COMPANY

37. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

38. Nautilus is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Nautilus and Plaintiff.

39. Nautilus's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

40. Nautilus's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Nautilus's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

42. Nautilus's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

8

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

43. Nautilus's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

44. Nautilus's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45. Nautilus's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46. Nautilus's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

47. Nautilus's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

48. Nautilus's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Nautilus's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

50. Nautilus's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nautilus knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

51. Nautilus's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Nautilus pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Nautilus. Specifically, Nautilus's violations of the DTPA include, without limitation, the following matters

    A. By its acts, omissions, failures, and conduct, Nautilus has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Nautilus's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Nautilus represented to Plaintiff that the Policy and Nautilus's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Nautilus also represented to Plaintiff that the Policy and Nautilus's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Nautilus advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Nautilus breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Nautilus's actions are unconscionable in that Nautilus took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Nautilus's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G. Nautilus's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

52. Each of the above-described acts, omissions, and failures of Nautilus is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT LEONARD WILLIAMS

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53. All allegations above are incorporated herein.

54. Williams conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

55. Williams is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Nautilus, because William is a "person," as defined by TEX. INS. CODE §541.002(2).

56. Williams knowingly underestimated the amount of damage to the Property. As such, Williams failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

57. Furthermore, Williams did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

58. Williams's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

59. Williams's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

60. All allegations above are incorporated herein.

61. Williams's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Williams. Specifically, Williams' violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Williams has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Williams' violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Williams represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C. Williams represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Williams' actions are unconscionable in that Williams took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Williams's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Williams's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

62. Each of Williams's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by , as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

63. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

64. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

65. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

66. Plaintiff currently estimates that actual damages to the Property under the Policy are $128,443.68.

67. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

68. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

69. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (10%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount owed, exemplary damages, and damages for emotional distress.

72. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

73. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000 and no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Nautilus Insurance Company and Leonard Williams, be cited and served to appear, and that upon trial hereof, Plaintiff, Champions FM 1960 Club, Inc., has and recovers from Defendants, Nautilus Insurance Company and Leonard Williams, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Champions FM 1960 Club, Inc., may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T. WILSON LAW FIRM PLLC

By: /s/ *Patrick C. McGinnis*

Chad T. Wilson
Bar No. 24079587
Patrick C. McGinnis
Bar No. 13631900
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eService to:
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
pmcginnis@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF